## Singley *v.* Easton Transit Company, Appellant.

*Negligence—Street railways—Contributory negligence—Boy on bicycle—Evidence.*

In an action by a boy thirteen years old against a street railway company to recover damages for personal injuries, it appeared that two cars, one an open summer car which was at the time of the accident used as a motor, and the other a flat car loaded with rails and attached to the summer car, were standing on a switch on a city street at a place where an east-bound passenger car stopped every fifteen minutes during the day, to allow a car to pass on the main track. The motorman stood on the east platform of the open car facing west in the direction in which he intended to move the cars. The plaintiff was riding east on a bicycle and when near the open car turned from his course to cross the street diagonally and pass behind it. This place was not a regular crossing but was frequently used to reach a subway under a railroad. At the moment he reached the track, the cars were started west and he was struck and injured. There was nothing except the position of the trolley pole to indicate that the car would move west, and anyone not observing this might well suppose the car was a regular passenger car going east or a car out of service. *Held*, that the case was for the jury.

Argued March 10, 1908. Appeal, No. 64, Jan. T., 1908, by defendant, from judgment of C. P. Northampton Co., Dec. T., 1905, No. 69, on verdict for plaintiff in case of William Singley v. Easton Transit Company. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries.   Before
Scott, P. J.

The facts are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict for William Singley for $1,800 and for Herbert
Singley for $2,700.

Judgment was entered on the verdict for Herbert Singley
for $2,700 and judgment for William Singley for $1,200, all
above that amount having been remitted.   Defendant ap-
pealed.

*Error assigned* was in refusing binding instructions for de-
fendant.

*H. J. Steele,* for appellant.

*James W. Fox,* with him *Edward J. Fox,* for appellees.

Per Curiam, May 4, 1908:

The questions of negligence on the part of the motorman
of the defendant company and the contributory negligence of
the plaintiff, who was injured, were necessarily for the jury,
and they were submitted with full and accurate instructions.
Two cars, one an open summer car, which was at the time
used as a motor, and the other a flat car loaded with rails
and attached to the summer car, were standing on a switch
on a city street at a place where an east-bound passenger car
stopped every fifteen minutes during the day, to allow a car
to pass on the main track.   The motorman stood on the east
platform of the open car facing west in the direction in which
he intended to move the cars.   The plaintiff, a boy thirteen
years old, was riding east on a bicycle, and when near the
open car turned from his course to cross the street diagonally
and pass behind it.   This place was not a regular crossing, but
was frequently used to reach a subway under a railroad.   At
the moment he reached the track the cars were started west,
and he was struck and injured.   There was nothing except
the position of the trolley pole to indicate that the car would
move west, and anyone not observing this might well suppose
the car was a regular passenger car going east or a car out of

service.   The case was not that of a boy coming unexpectedly in front of a moving car, but of one going behind a standing car which unexpectedly moved backwards, and the question of negligence could not be determined by the court.

The judgment is affirmed.